[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15016
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00133-MMH-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER GILLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and NEWSOM, Circuit
Judges.

PER CURIAM:

Sylvester Gillon, a federal prisoner serving a sentence of 190 months of

imprisonment, *see* Fed. R. Crim. P. 35(b), for distributing 50 grams or more of

crack cocaine, 21 U.S.C. § 841(a)(1), appeals the partial denial of his motion to reduce his sentence based on the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The district court reduced Gillon's term of supervised release, but otherwise denied his request to reduce his prison sentence. Gillon argues that the district court incorrectly concluded that he was ineligible for a further reduction. Gillon also argues that the district court violated his right to due process by denying his motion without holding a hearing in his presence, but that argument is foreclosed by precedent, *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020). Because we cannot discern whether the district court understood its authority to reduce Gillon's sentence, *see United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), we vacate the order denying Gillon's motion and remand for further proceedings.

In August 2009, Gillon pleaded guilty to distributing crack cocaine in exchange for the dismissal of two additional drug charges. Gillon admitted that, while on supervised release for another drug crime, he sold a confidential informant 104.8 grams of crack cocaine. Because Gillon was a career offender, his presentence investigation report increased his base offense level from 30, United States Sentencing Guidelines Manual § 2D1.1 & cmt. n.10(D)(i) (Nov. 2008), to level 37, *id.* 4B1.1, and increased his criminal history score from V to VI, *see id.* The presentence report applied a three-level reduction for Gillon's acceptance of

2

responsibility, *id.* § 3E1.1, which resulted in an adjusted offense level of 34 and an advisory guideline range of 262 to 327 months of imprisonment. Gillon's presentence report also stated that he had a statutory sentencing range of 20 years to life imprisonment, 21 U.S.C. § 841(b)(1)(A), and a statutory mandatory-minimum term of supervised release of ten years, *id.*; U.S.S.G. § 5D1.2(b). At sentencing, the district court determined that Gillon's sentencing range was "unnecessarily high" because he was a career offender and sentenced him to 20 years of imprisonment and ten years of supervised release.

In 2014, the district court granted a motion to reduce Gillon's sentence. Fed. R. Crim. P. 35(b). The district court reduced Gillon's offense level by two levels, which resulted in a revised advisory guideline range of 210 to 262 months of imprisonment, and varied 20 months below the low end of that range to sentence him to 190 months of imprisonment. *See* 18 U.S.C. § 3553(a), (e). The district court mentioned that, had the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, been in effect when it sentenced Gillon, he would have faced the same advisory guideline range and a statutory mandatory-minimum sentence of ten years of imprisonment.

In December 2018, Gillon moved *pro se* to reduce his prison sentence and his term of supervised release based on the First Step Act. *See* Pub. L. No. 115-391, § 404(b). A probation officer advised the district court that it had discretion

under the First Step Act, which made retroactive the statutory penalties for covered offenses under the Fair Sentencing Act, to reduce Gillon's term of supervised release from ten to eight years. The probation officer also reported that the retroactive application of the Fair Sentencing Act affected Gillon's sentence and that, because there was no change in Gillon's advisory guideline range and he previously had his sentence reduced after consideration of the purposes for sentencing, 18 U.S.C. § 3553(a), "a comparable downward departure and variance would result in the same term of imprisonment."

The government did not dispute that Gillon was eligible for relief under the First Step Act. Gillon, through appointed counsel, amended his motion and requested that the district court reduce his term of supervised release from ten years to eight years. The government did not oppose that request. Gillon also requested that the district court further reduce his prison sentence to time served or, in the alternative, that it hold a hearing during which he could address what sentence was appropriate in the light of his post-sentencing rehabilitation and other relevant factors. But the government responded that the district court should exercise its discretion to deny Gillon a further reduction of his prison sentence. The government argued that the First Step Act did not change Gillon's advisory guideline range or any of the factors considered when the district court reduced his sentence to 190 months of imprisonment and that his sentence was not based on

4

the statutory mandatory-minimum penalty reduced by the Fair Sentencing Act, so the reduction did not establish that his sentence was inappropriate.

The district court granted Gillon's motion in part. The district court granted, as unopposed, Gillon's request to reduce his term of supervised release from ten years to eight years. But the district court denied Gillon's request to further reduce his prison sentence on the grounds that "the United States argues" and the probation officer "conclu[des]" that Gillon's "guidelines are not affected by application of the reduced penalties set forth in the Fair Sentencing Act and . . . [his] term of imprisonment is already below the applicable guidelines range."

We review *de novo* whether the district court has the authority to modify a movant's sentence under the First Step Act. *Jones*, 962 F.3d at 1296. We review the denial of an eligible movant's request for relief for abuse of discretion. *Id.*

Gillon is eligible for a reduction of his prison sentence. The First Step Act made retroactive the statutory penalties for a "covered offense" under the Fair Sentencing Act. First Step Act § 404. A movant is convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in section 841(b)(1)(A)(iii) or (B)(iii), *Jones*, 962 F.3d at 1301, and "if section two or three of the Fair Sentencing Act modified its statutory penalties," *id.* at 1298. Gillon admitted that he sold 104.8 grams of crack cocaine, which triggered the statutory penalties in section 841(b)(1)(A) and subjected him to a statutory

5

mandatory-minimum sentence of 20 years of imprisonment. Later, section 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the statutory penalty from 50 grams to 280 grams and reduced the mandatory-minimum sentence from 20 years to 10 years of imprisonment. Fair Sentencing Act § 2(a)(1); 21 U.S.C. § 841(b)(1)(A)(iii); s*ee Jones*, 962 F.3d at 1298. Gillon's conviction for distributing 50 grams or more of crack cocaine is a covered offense.

The First Step Act permitted the district court to reduce Gillon's prison sentence. "Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)). Because Gillon's sentence of 190 months of imprisonment exceeded the statutory mandatory-minimum sentence of 10 years of imprisonment provided in the Fair Sentencing Act, the district court had the authority to reduce his sentence under the First Step Act.

"A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (internal quotation marks omitted). A district court "may," First Step Act § 404(b), but is not "require[d] . . . to reduce [the] sentence," *id.* § 404(c), of an eligible movant. "In exercising [its] discretion, [the district court] may consider all

6

the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304.

We cannot discern from the order the district court entered why it denied Gillon a further reduction of his prison sentence. The government and the probation officer stated that Gillon did not deserve a further reduction because the district court previously had determined that the statutory sentencing factors required a sentence of 190 months of imprisonment, *see* 18 U.S.C. § 3553, and the First Step Act did not change Gillon's advisory guideline range or the application of the sentencing factors. But the order reads as though the district court might have thought it lacked the authority to reduce Gillon's sentence. *See Jones*, 962 F.3d at 1303. The district court stated that it was denying Gillon a further reduction because the Fair Sentencing Act did not affect his guideline range and his sentence was already below the advisory guideline range.

*Jones* makes clear that, when the record is ambiguous as to whether the district court understood its authority under the First Step Act, we must vacate the order denying relief and remand for further proceedings. 962 F.3d at 1305. To be sure, the district court might have correctly understood and exercised its discretion to deny Gillon's motion, but it might have incorrectly concluded that it lacked the authority to reduce Gillon's sentence. *See id.* Because the record is ambiguous, we vacate the order denying Gillon's motion and remand for further consideration.

We **AFFIRM** the denial of Gillon's motion for a hearing. But we **VACATE**

the order that denied Gillon's motion to further reduce his prison sentence and

**REMAND** for further proceedings.